IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00827-REB-PAC

BRYCE POTTER, a minor, by and through her parents and next friends, LAURA POTTER and TRISTAN POTTER; LAURA POTTER; and TRISTAN POTTER

      Plaintiffs,

v.

DEBRA H. BOWMAN, M.D.; and HCA-HEALTH ONE LLC, d/b/a SWEDISH MEDICAL CENTER,

      Defendants.

_____

**ORDER** on Motion for Reconsideration
_____

Patricia A. Coan, Magistrate Judge

      This is a medical malpractice case. Pretrial case management was referred to the undersigned in a May 5, 2005 Order of Reference.  Doc. #2.   The matter now before the court is  the Unopposed Motion of Debra Bowman, M.D. for Reconsideration of March 22, 2006 Order Denying Motion Extension [sic] of Time to Submit Expert Disclosures on Damages [Docket No. 71], Doc. # 72.

      As grounds for her motion, Dr. Bowman argues that the Court either misunderstood Dr. Bowman's motion for extension of time or misapprehended the identify of Dr. Bowman's experts.  Misapprehension of a party's position can constitute proper grounds warranting reconsideration.  See *Servants of the Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir 2000).  Here, however, the court did not misapprehend or misunderstand Dr.

Bowman's position.   Rather, the Court could not determine Dr. Bowman's position because, instead of explaining that she planned on using the same damages experts as Health One, Dr. Bowman simply incorporated by reference another defendant's motion for extension of time.  See Doc. # 68.  That defendant's motion was made solely on behalf of Health One and did not refer to  any other defendant.  See Doc. # 63.  Accordingly, it was not possible for the court to ascertain from either motion whether *Dr. Bowman* planned on using the same damages expert to be endorsed by HealthOne, and whether *she* met Rule 16(b)'s good cause standard, and therefore, the court has no obligation to revisit nor to change its March 22, 2006 Minute Order.

Now that Dr. Bowman has made clear, however, that she will be "using the very same experts that her co-Defendant is using," Bowman Motion for Reconsideration ¶8, and explains for the first time that *she* needs an extension of time because she is using the same experts, she has met the "good cause"  requirement of Rule 16(b), Fed. R. Civ.P. Consequently, despite her inadequate pleading,  to avoid any prejudice to Dr. Bowman which may result if she lacked a damages expert at trial, it is hereby

**ORDERED** that the Unopposed Motion of Debra Bowman, M.D., for Reconsideration of March 22, 2006 Order Denying Motion Extension of Time to Submit Expert Disclosures on Damages [Docket No. 71], Doc. # 72 is *GRANTED*.  It is further

**ORDERED** that the March 22, 2006 Order is *VACATED*.  It is further

**ORDERED** that Defendant Bowman shall have the same deadlines to provide

2

damages expert information as were granted to HealthOne on March 13, 2006.  See Doc.

65.

      Dated:  March 28, 2006.


                    By the Court:
                    <u>s/Patricia A. Coan</u>
                    Patricia A. Coan
                    Magistrate Judge